FILED

APR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: WIRE COMM WIRELESS, INC.,<br><br>        Debtor.<br><br>———<br><br>NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>        Appellant,<br> v.<br><br>RICHARD MCCORMICK; SHIRLEY MCCORMICK; TIMOTHY MCCORMICK; RENEE MCCORMICK,<br><br>        Appellees,<br> and<br><br>MICHAEL F. BURKART,<br><br>        Trustee. | No. 08-17061<br><br>D.C. No. 2:07-cv-02213-MCE<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 4, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

In October 2007, the Bankruptcy Court for the Eastern District of California issued an order granting approval of a compromise between the Trustee for now-defunct Wire Comm Wireless, Inc. ("Wire Comm"), and Wire Comm's principal shareholders Timothy, Renee, Richard, and Shirley McCormick ("McCormicks"). As part of the compromise, the Trustee agreed to dismiss a state-court action New Cingular Wireless Services, Inc. ("New Cingular") had brought against the McCormicks, in which the state court had substituted the Trustee as plaintiff. New Cingular appealed the bankruptcy court's order approving the compromise to the District Court for the Eastern District of California, arguing that the bankruptcy court had failed to provide adequate factual support for its approval of the compromise. The district court affirmed. New Cingular now appeals.

Because the order at issue determined and affected the substantive rights of the parties, it was, for purposes of appeal, a final order. *J.P. Morgan Inv. Mgmt., Inc. v. U.S. Tr. (In re Martech USA, Inc.)*, 188 B.R. 847, 849 (B.A.P. 9th Cir. 1995). We have jurisdiction to hear an appeal from a final order pursuant to

2

28 U.S.C. § 158(d).  In an appeal from an order affirming the decision of a bankruptcy court, "our role is essentially the same as that of the district court, and we are, in essence, reviewing the final order of the bankruptcy court." *Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1380 (9th Cir. 1986).  "We review the bankruptcy court's findings of fact under the 'clearly erroneous' standard and its conclusions of law *de novo*." *Id.*  Absent a clear abuse of discretion, we will not disturb an order granting or denying approval of a compromise.  *United States v. Alaska Nat'l Bank of N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).

In considering the proposed compromise, the bankruptcy court found that one factor weighed most heavily in favor of granting approval, namely, that New Cingular so lacked confidence in the supposedly meritorious state-court claims that it repeatedly declined offers to purchase the action at a one-dollar premium.  The only explanation New Cingular gives for its obvious lack of interest is its "belie[f] [that] the bankruptcy court should, and would, reject the compromise." Appellant's Op. Br. 40.  Unfortunately for New Cingular, this explanation overlooks the reality that the purpose of a compromise is, among other things, "to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A&C Props.*, 784 F.2d at 1380–81.  We think it safe to

3

assume that New Cingular, like the Trustee, regarded the state-court claims as "sharply contested and dubious" and, therefore, less valuable to the estate, in monetary terms, than the proposed compromise.

The foremost obligation of a bankruptcy trustee is to "proceed in settling [an estate's] accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors." *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 212 F.3d 632, 635 (1st Cir. 2000). In view of that obligation, a bankruptcy court enjoys great latitude in approving a proposed compromise, and a fruitful settlement is always favored over needless litigation. *In re A&C Props.*, 784 F.2d at 1381–82. Here, the record shows that the bankruptcy court, in judging the merits of the proposed compromise, carefully considered the requisite factors, *see id.* at 1381, and provided ample factual support for its conclusions. "[A]s long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." *Id*. The order of the bankruptcy court is, therefore,

**AFFIRMED**

4